IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| EVEN THOMAS, | |
| Plaintiff, | |
| vs. | NO. 1:23-CV-00228-MAC-ZJH |
| WINDHAM SCHOOL DISTRICT, | |
| Defendant. | |

**REPORT AND RECOMMENDATION GRANTING MOTIONS TO REMAND**

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned United States Magistrate Judge for all pretrial matters pursuant to a standing order. Pending before the court are the Plaintiff, Even Thomas's ("Thomas") *Motion to Remand to State Court*, *Amended Motion to Remand to State Court*, and *Second Amended Motion to Remand to State Court*. Doc. Nos. 8, 16-17. Because it is clear that Thomas is not alleging federal law causes of action and diversity of citizenship does not exist, the various motions to remand should be granted.

I.    Procedural Background

At issue is whether Thomas pled federal law claims to confer federal question jurisdiction on this court. On May 12, 2023, Thomas filed a state court petition in County Court at Law 1, Jefferson County, Texas against the Windham School District ("Windham"). Doc. No. 2. Windham then filed a *Notice of Removal* alleging this court has original jurisdiction under 28

U.S.C. § 1331 as it appeared that Thomas's complaint contained federal law causes of action under Title VII, the ADEA, and possibly a state law Whistleblower Act claim.  Doc. No. 1, at 1.[1]

On June 26, 2023, Thomas filed a *Motion to Remand* claiming that he was only pursuing a Texas Whistleblower Act claim pursuant to Texas state law and disclaiming any interest in litigating federal causes of action.  Doc. No. 8.  In response, Windham asserts that after conferencing with Thomas, he is refusing to dismiss any federal claims.  Doc. No. 13, at 2.  Thus, even if Thomas may be alleging a state whistleblower claim cause of action, this court has jurisdiction of that state law claim through pendent jurisdiction if the federal law claims still exist.  *See* 28 U.S.C. § 1367(c).  *Id*. at 2-3.

On July 5 and 7, 2023, Thomas filed an *Amended Motion to Remand* and *Second Amended Motion to Remand* repeating the same argument—that this court lacks jurisdiction because he is not—and was not—pursuing any federal law claims.  Doc. Nos. 16, 17.  And again, in response, Windham claims Thomas has refused to voluntarily dismiss his federal law claims.  Doc. No. 19, at 2.

Because it was unclear whether he was alleging federal law claims in his state court petition, the undersigned ordered Thomas to replead his complaint to state with clarity what causes of action (state and/or federal) he was alleging.  To the extent he was not pursuing any federal law causes of action, he should also concurrently file a motion to dismiss any federal law causes of action.

On October 4, 2023, Thomas filed a *Motion to Dismiss any Federal Law Cause of Action* and a *Response to Order to Replead*.  Doc. Nos. 24, 25.  In the *Motion to Dismiss*, Thomas states

---

[1] Windham also filed Motions to Dismiss Thomas's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  However, the court should decide jurisdictional issues prior to any ruling on a case's merits.  *See e.g. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd*., 818 F.3d 193, 210 (5th Cir. 2016).

that "my case has nothing to do with the Federal Government, so, I am asking you to remand it back to the state court. I have no federal claims." Doc. No. 24 at 1.[2] In response to the *Order to Replead*, while not entirely clear, Thomas states he is alleging some form of a Texas state whistleblower claim pursuant to the Texas Human Resources Code. Doc. No. 25, at 1.

II. <u>Analysis</u>

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

There are two basic types of jurisdiction: diversity and federal question. Diversity jurisdiction requires that: (1) "the matter in controversy exceed[] the sum or value of $75,000," and (2) that the case be between "citizens of different states." 28 U.S.C. § 1332(a)(1).[3] By contrast, federal question jurisdiction requires that the case "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

When an issue of subject matter jurisdiction arises, the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper. *Garcia v. Koch Oil Co. of Tex.*

---

[2] The Motion begins with the sentence: "Windham *is* alleging federal law cause[s] of action under Title VII and the ADEA." Doc. No. 24. Given the total context of the Motion, however, the undersigned assumes this was a typographical error, and he meant to state "Windham *is not* alleging federal law causes of action."

[3] Windham did not remove this case on the basis of diversity jurisdiction. The Texas Board of Criminal Justice created the Windham School District to provide educational services to inmates in the custody of the Texas Department of Criminal Justice and are "wholly contained" with the correctional units. *Truelove v. Tex. Dep't of Criminal Justice*, No. 4:19-CV-763, 2020 WL 11272645, at *1 (S.D. Tex. Oct. 27, 2020) (quote in original). As a state agency, TDCJ is an alter ego of the State of Texas, and in an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship. *Tex. Dep't of Hous. & Cmty. Affairs v. Verex Assur., Inc*., 68 F.3d 922, 926 (5th Cir. 1995), *overruled on other grounds by Mullins v. TestAmerica, Inc*., 564 F.3d 386, 413 n.19 (5th 2009).

*Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).  Because the removal statute should be strictly construed in favor of remand, "[a]ny ambiguities are construed against removal."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Jurisdiction is fixed at the time of removal.  *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).  Accordingly, when determining whether jurisdiction is present and removal is proper, the court is to consider the claims as alleged in the state court petition as they existed at the time of removal.  *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).  While not a model of clarity, Thomas's state court petition at the time of removal appeared to contain no federal causes of action.  To the extent that there were some ambiguities within the petition that they did exist, those are construed against removal.  And even if his petition did contain federal causes of action, he has moved to voluntarily dismiss those claims, and this court should not exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367.  Here, the court must grant the *Motions to Remand* as the court lacks subject-matter jurisdiction because Thomas is not alleging causes of action under federal law.

III.     Conclusion and Recommendation

Based on the findings set forth above, the court should grant Thomas's *Motions to Remand* (Doc. Nos. 8, 16-17) because this court lacks subject matter jurisdiction.  This case should be remanded to County Court at Law 1, Jefferson County, Texas.

IV.    Objections

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report.  *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 10th day of October, 2023.

Zack Hawthorn
United States Magistrate Judge